**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JAMES DOTSON**                                                                  **PETITIONER**

**VS.**                    **CASE NO.: 5:14CV00397 SWW-BD**

**WENDY KELLEY,[1] Director,
Arkansas Department of Correction**                         **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**  **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

---

[1] Wendy Kelley has been named Director of the Arkansas Department of Correction and is hereby substituted as the Respondent in this case. The Clerk is instructed to correct the docket.

**II.     Background**

Petitioner James Dotson, an inmate at the Arkansas Department of Correction ("ADC"), brings this petition for writ of habeas corpus (docket entry #1) under 28 U.S.C. § 2254.  Director Kelley has responded to the petition.  (#10)  Mr. Dotson has not filed a reply.

In October, 2012, Mr. Dotson was arrested and charged with negligent homicide, a "B" felony.  (#10-1 at p.1)  He was released on bond.  (#10-1 at p. 2)  Formal charges were later filed in Pulaski County Circuit Court charging him with negligent homicide and also alleging that Mr. Dotson had four prior felony convictions and should be sentenced as a habitual offender.  (#10-2)

On February 27, 2014, Mr. Dotson entered a no-contest plea in Pulaski County Circuit Court.  (#10-3 at p. 2, #10-4 at p. 4)  In exchange for his plea, the state withdrew its habitual offender allegation.  (*Id.*)  At the plea hearing, Mr. Dotson acknowledged the facts as recited by the prosecutor and indicated that he understood the consequences of his plea.  (#10-3 at p. 2, #10-4 at pp. 5-7)  After a sentencing hearing, the court sentenced Mr. Dotson to 120 months in prison.  (#10-4)

Mr. Dotson did not did not appeal his conviction or sentence.  And he did not file any motions or petitions for collateral or post-conviction relief.

Mr. Dotson filed a timely petition for writ of habeas corpus raising the following claims: (1) actual innocence; (2) breach of plea agreement because he did not receive

credit for time he was in "constructive custody;" (3) ineffective assistance of counsel in connection with the plea negotiation; and (4) prosecutorial misconduct. (#3 at pp. 4-10)

Wendy Kelley responds that Mr. Dotson has procedurally defaulted his claims by failing to raise them with the state courts. Mr. Dotson had not replied to Director Kelley's response. For the reasons set forth below, Mr. Dotson's petition should be denied and dismissed with prejudice.

## III. Discussion

### A. Procedural Default

Director Kelley contends that all of Mr. Dotson's claims should be dismissed as procedurally defaulted because they were never presented to the state courts. See *Coleman v. Thompson*, 501 U.S. 722 (1991). The Court agrees that none of Mr. Dotson's claims were presented to the state courts, and 28 U.S.C. § 2254(c) requires state prisoners to give the state courts, "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999).

Here, because of his no-contest plea, Mr. Dotson could not pursue a direct appeal. See ARK. R.APP. P.CRIM. 1(a). Under Arkansas Rules, direct review from a plea of guilty or *nolo contendere* is barred unless a conditional plea was allowed under Arkansas Rule of Criminal Procedure 24.3(b). Mr. Dotson did not enter a conditional plea, so he was not entitled to direct review of his sentence.

Mr. Dotson could have filed a petition for postconviction relief pursuant to pursuant to Ark. R.Crim. P. 37.1, but he did not, and the time for doing so has expired. Accordingly, his claims are procedurally defaulted unless he can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565.

### B.   Cause and Prejudice

Cause to excuse procedural default is established when "some objective factor external to the defense impede[s] . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). Here, there was not an external factor preventing Mr. Dotson from raising his claims. He states that the Arkansas Supreme Court turned him away on August 24, 2014, but he does not elaborate or provide any evidence to support this allegation in order for the Court to find that he was prevented from raising his claims. (#1 at pp. 2, 6)  Because Mr. Dotson has not established cause, the Court need not address prejudice. *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454, 1474 (1991).

### C.   Actual Innocence

To fall within the actual innocence/fundamental-miscarriage-of-justice exception, "a habeas petitioner [must] present new evidence that affirmatively demonstrates that he

is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011)(quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

Mr. Dotson does claim that he is actually innocent. In his petition, he states that he was not driving the car that resulted in the victim's death. (#3 at pp. 2, 4-5) Mr. Dotson's claim, however, is not *new* evidence. Whether he was driving at the time of the accident is a fact that was discoverable prior to entering his plea. Moreover, his current claim, that he was not the driver of the vehicle, does not affirmatively demonstrate his innocence. At the plea hearing, Mr. Dotson acknowledged the facts alleged by the prosecutor, including that he told officers at the scene that he was driving the car that the victim was pinned underneath. And he later made a statement to officers acknowledging that he had been drinking and driving. (#10-4 at pp. 6-7) In light of the evidence presented at the plea hearing and Mr. Dotson's plea, his current claim that he was not driving the vehicle does not affirmatively demonstrate his innocence.

**D.    *Martinez***

Mr. Dotson may argue, under *Martinez v. Ryan*, 566 U.S. __, 132 S.Ct. 1309 (2012), that the Court should review his defaulted ineffective assistance of counsel claim. In *Martinez*, the United States Supreme Court held that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. The Court made clear, however, that in order for the exception to apply to overcome the

default of an ineffective assistance of counsel claim, the prisoner must demonstrate that the underlying ineffective-assistance claim has some merit. *Id*.

Mr. Dotson claims that his counsel was ineffective because during plea negotiations he threatened that "the prosecution was going to charge him with 2nd degree murder." (#3 at p. 4) Mr. Dotson alleges that he did not understand that, "he was not guilty and but for Counsel's misrepresentations he would not have [pleaded] *nolo contendere* and gone to trial." (#3 at p. 5)

A habeas challenge to a conviction obtained in a guilty plea is limited to the voluntariness of the plea and whether the defendant understood the charges and the consequences of the plea. *Hill v. Lockhart*, 474 U.S. 52, 56–57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Here, Mr. Dotson's claim that his plea was the result of his counsel's threat and that he did not understand the consequences of the plea is contradicted by his testimony at the plea hearing which was as follows:

> BY THE COURT: Mr. Dotson, you're charged with Homicide. It carries five to twenty years with three prior felony convictions. Let's see, with the hab nol prossed, would it be three to twenty or would that be a different --
>
> BY THE STATE: Your Honor, it's a B, so it's five to twenty.
>
> BY THE COURT: It's a B?
>
> BY THE STATE: Yes, Your Honor.
>
> BY THE COURT: It's five to twenty years. You know what you're charged with?
>
> BY THE DEFENDANT: Yes, sir.

BY THE COURT: You understand no contest means you would not contest the facts the state produced at trial?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Did you go over this form with your lawyer?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: You know by pleading no contest, you give up your right to a trial by jury?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: Has anybody promised or threatened in any way to have you plead no contest to these charges?

BY THE DEFENDANT: No, sir.

Additionally, Mr. Dotson's claim is contradicted by his plea statement where he affirmed that he was certain that his plea had not been "induced by any force, threat, or promise apart from the plea agreement." (#10-3 at p. 2) In exchange for Mr. Dotson's plea, the state dismissed the habitual-offender charge, which would have increased the penalties. In light of all of the evidence in the record, Mr. Dotson's claim of ineffective assistance of plea counsel is not substantial enough to warrant excusing his procedural default.

## IV. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr.

Dotson has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Dotson has not provided a basis for issuing a certificate of appealability.

**V.     Conclusion**

The Court recommends that James Dotson's petition for writ of habeas corpus (docket entry #1) and amended petition for writ of habeas corpus (#3) be dismissed, with prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 28th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE